FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 07 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
RICHARD RICHARDSON,

                Plaintiff,

-against-

THE NEW YORK CITY POLICE DEPARTMENT
or THE NEW YORK CITY TRANSIT POLICE
DEPARTMENT, and OFFICER or DETECTIVE
JOHN DOE,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

12-CV-5753 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

ROSS, United States District Judge:

On November 14, 2012, *pro se* plaintiff Richard Richardson filed this action against the New York City Police Department ("NYPD") or the New York City Transit Police, which is a division of the Metropolitan Transportation Authority ("MTA"), and a John Doe police officer. Plaintiff's request to proceed *in forma pauperis* is granted for the purpose of this Order. The claims against the agency are dismissed, while the claims against the John Doe officer may proceed.

## BACKGROUND

Plaintiff alleges that he was sitting in the Borough Hall subway station on November 11, 2012, when he was approached by an unidentified officer, identified here as Defendant John Doe. (Compl. at 1.)[1] Plaintiff states that the officer said, "[T]his aint' no living room; what train you waiting for[?]" (Id.) According to plaintiff, the officer, who smelled strongly of alcohol, waited until the downtown train left the station and then grabbed him and dragged him out of the station

---

[1] As the pages of the complaint are not consecutively paginated, the Court refers to the pages assigned by the Electronic Case Filing System.

and up the stairs. (Compl. at 2.) Plaintiff alleges that he said "my leg" and fell down. (Id.) Plaintiff alleges that the officer continued to drag him up the stairs, left him outside, and then ran away. (Compl. at 3.) Thereafter, plaintiff alleges, he dialed 9-1-1 on his mobile telephone and subsequently reported the incident to the Internal Affairs Bureau, under IAB # 12-58899. (Id.) He states that an NYPD patrol car "did come by," but that no officers spoke to him. (Id.) Plaintiff states that he went to KCH Hospital, but left "because the staff was showing no respect toward me," and went to Beth Israel Hospital the next day. (Id.)

Plaintiff alleges that the officer's actions caused him "injury and hurt" and deprived him of his right to sit on the subway bench in a public place. (Compl. at 4.)

Plaintiff states that he knows the John Doe officer by sight, but does not know his name. In addition, plaintiff alleges that he has seen the officer "on that post on the uptown side of [the Borough Hall subway] platform." (Id.) Plaintiff describes the officer as a "[L]atino looking male about early 50 or late 40 about 5"ll or 5"9 approximately 200 pounds with short straight black hair in A class NYPD issues with an Det Shield gold and blue with no name tag did have dept 9mm weapon and radio" [sic]. (Compl. at 3-4.) Plaintiff states that the 9-1-1 dispatcher gave him ID # 1409.

He seeks $2 million in damages: "one million for my civil rights violation and one million for my right hip, neck, and right leg I su[s]tain by John Doe force" [sic]. (Id.)

## DISCUSSION

### A. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action "(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "'The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters.'" Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (*en banc*)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

**B. Civil Rights Allegations**

Plaintiff alleges that defendants' actions violated his civil rights. A claim for violations of constitutional rights is cognizable under 42 U.S.C. § 1983 ("§ 1983"). To maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or

3

laws of the United States." Id. "Section 1983 itself creates no substantive rights; it produces only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citing City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985)). To bring a claim pursuant to § 1983, a plaintiff must also show that each of the named individuals is personally liable for the alleged harm. See Eagleston v. Guido, 41 F.3d 865, 872 (2d Cir. 1994).

The New York City Transit Police is a division of the NYPD, which is an agency of the City of New York. The NYPD and its divisions, including the Transit Police, may not be sued directly; instead, any suit against a City agency must be brought against the City of New York. See Jones v. Nat'l Commc'n and Surveillance Networks, 409 F. Supp. 2d 456, 469 (S.D.N.Y. 2006) ("City agencies, like federal and state agencies, are immune to suit to the extent that the suits 'shall be brought in the name of the City of New York and not in that of any agency.'" (quoting N.Y. City Charter § 396)). Although the City of New York may be sued, a municipality can be liable under § 1983, but only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. Tuttle, 471 U.S. at 823-24. Here, Plaintiff fails to allege any unconstitutional municipal policy or custom that could serve as the basis for § 1983 liability. Accordingly, all of Plaintiff's claims against the NYPD and the New York City Transit Police are dismissed, and New York City will not be substituted as a defendant.

### C. Identifying the John Doe Defendant

Plaintiff seems to be bringing claims for excessive force and, possibly, unlawful detention against the John Doe officer. Plaintiff includes a description of this individual. (Compl. at 3-4.) The United States Marshals Service will not be able to serve the John Doe defendant without further identifying information. The problem encountered by Plaintiff is a common one, as it is frequently difficult for *pro se* litigants to identify individual law enforcement officers. In Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997) (*per curiam*), the Second Circuit made clear that a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.

One means of dealing with this problem would be to permit Plaintiff to conduct discovery against the City of New York, to serve interrogatories and document requests in an effort to identify this officer, and once identified, to ascertain his whereabouts for purposes of service. See, e.g., Smith v. Doe, No. 08 Civ. 10437(JSR)(DFE), 2010 WL 1404099, at *1 (S.D.N.Y. Jan. 25, 2010). Then Plaintiff would amend his complaint and initiate service upon this defendant. This process is not only cumbersome for a *pro se* plaintiff, it also often does not achieve results.

Accordingly, the Court hereby requests the Corporation Counsel for the City of New York to attempt to ascertain the full name of the John Doe officer, and to provide the address where the defendant can currently be served, within 45 days of the date of this Order. See, e.g., Twine v. Four Unknown N.Y. Police Officers, No. 10 Civ. 6622(DAB)(JLC), 2012 WL 6184014, at *1 (S.D.N.Y. Dec. 12, 2012). Once this information is provided, Plaintiff's complaint shall be deemed amended to reflect the full name and badge number of this officer, a summons shall be issued, and the Court shall direct service on the defendant.

## CONCLUSION

For the reasons set forth above, all of the claims against the NYPD and the New York City Transit Police are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims shall proceed against the John Doe Officer. The Court respectfully directs the Clerk of Court to mail a copy of this Order and the Complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the defendant, the Clerk of Court is directed to amend the caption of the Complaint to reflect that information. The Clerk is further directed to issue a summons to the remaining defendant, and the United States Marshals Service is directed to serve a copy of the Complaint as amended by the Clerk, this Order, and the summons on the defendant. The Court refers this matter to Magistrate Judge Lois Bloom for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Allyne R. Ross
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
January 7, 2013